OPINION
{¶ 1} Appellant, Frederick Mitchell, appeals the decision of the Stark County Court of Common Pleas that denied appellant's motion to suppress.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The owner of the Rowland Avenue Market reported to the Canton Police Department that people were loitering in front of his store and conducting narcotics transactions in his parking lot.
 {¶ 3} Officer Steven Swank with the Canton Police Department was a member of the Gang Task Force. Officer Swank had experience with narcotics and had made over 100 narcotics related arrests.
 {¶ 4} On November 8, 2005, at approximately 9:00 p.m., Officer Swank was patrolling the area surrounding the Rowland Avenue Market at the intersection of 7th Street and Rowland Avenue N.E. in Canton, Ohio. Officer Swank was driving a marked police cruiser and wearing a police vest. Officer Swank knew this area to be a high-crime, high-drug area. Officer Swank noticed appellant, Frederick Mitchell, standing in front of the "No Loitering" sign posted on the Rowland Avenue Market. Officer Swank drove past the area multiple times over the course of an hour and witnessed appellant being approached by various individuals. Officer Swank eventually pulled into the parking lot and spoke with appellant and several female juveniles who were with him. Officer Swank requested identification from the group. Appellant put his hands in his pockets and began to walk away. Officer Swank confronted appellant directly and requested identification. Appellant replied, "No, I'm good", and continued to walk away. *Page 3 
 {¶ 5} Officer Swank placed his hand on appellant's arm and asked him to move over to the police cruiser and produce identification. Officer Swank told appellant he would be patted down to ensure he did not have any weapons. He performed a pat-down and felt a round lumpy object in appellant's left front pants pocket. Officer Swank asked appellant what the object was and appellant replied, "Candy."
 {¶ 6} Officer Swank performed a more detailed pat down and based upon his training and experience, Officer Swank believed the object to be crack cocaine. Officer Swank removed the object and as he surmised, it was crack cocaine.
 {¶ 7} Officer Swank arrested appellant for a violation of R.C. § 2925.11(C)(4), Possession of Drugs-Cocaine.
 {¶ 8} On December 19, 2005, the Grand Jury of the Stark County Court of Common Pleas indicted appellant on one count of Possession of Cocaine in violation of R.C. § 2925.11(A)(C)(4)(b).
 {¶ 9} On January 25, 2006, appellant filed a motion to suppress.
 {¶ 10} On March 6, 2006, the trial court heard the motion to suppress. Following the hearing, the trial court denied the motion to suppress relying on State v. Daniels, Stark App. No. 2002CA00290, 2003-Ohio-2492 (reasonable suspicion for investigatory stop exists based upon individual's presence in known drug area and his flight from police).
 {¶ 11} On March 13, 2006, the trial court accepted appellant's no contest plea and found appellant guilty of R.C. § 2925.11. On April 17, 2006, appellant was sentenced to a prison term of six months. *Page 4 
 {¶ 12} On May 19, 2006, appellant timely filed a notice of appeal of the trial court's denial of the motion to suppress and set forth the following sole assignment of error for consideration:
 ASSIGNMENT OF ERROR {¶ 13} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS ILLEGALLY OBTAINED EVIDENCE."
 I. {¶ 14} In his sole assignment of error, appellant maintains the trial court erred in denying his motion to suppress the evidence obtained on November 8, 2005.
 {¶ 15} There are three methods of challenging a trial court's ruling on a motion to suppress on appeal.
 {¶ 16} First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19,437 N.E.2d 583; State v. Klein (1991), 73 Ohio App.3d 485; State v. Guysinger
(1993), 86 Ohio App.3d 592, 621 N.E.2d 726.
 {¶ 17} Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37,619 N.E.2d 1141, reversed on other grounds. *Page 5 
 {¶ 18} Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress.
 {¶ 19} When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 641 N.E.2d 1172;State v. Claytor (1993), 85 Ohio App.3d 623, 620 N.E.2d 906.
 {¶ 20} In the case sub judice, appellant alleges the trial court incorrectly decided the ultimate issue in the motion to suppress, that is, whether Officer Swank violated appellant's constitutional rights. Therefore, we must determine, without deference to the trial court, whether the facts meet the appropriate legal standard.
 {¶ 21} There exist three types of police/citizen encounters.
 {¶ 22} The first type is the consensual encounter. This type of encounter occurs when a police officer merely approaches a citizen, in a public place, and requests information. Cooperation by the citizen is voluntary and no evidence of wrongdoing is required. "Encounters are consensual when the police merely approach a person in a public place, engage the person in conversation, request information, and the person is free not to answer and walk away." State v. Taylor (1995),106 Ohio App.3d 741, citation omitted. *Page 6 
 {¶ 23} The second type of police/citizen encounter is an investigatory stop. An investigatory stop must be based upon reasonable suspicion of criminal activity, supported by specific articulable facts pointing towards a citizen's involvement in criminal activity. Terry v. Ohio
(1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. The determination of reasonable suspicion must be based on common sense judgments and inferences about human behavior. Illinois v. Wardlow (2000),528 U.S. 119, 125, 120 S.Ct. 673, 145 L.Ed.2d 570. A court must take into consideration the officer's training and experience and understand how the situation would be viewed by the officer on the street. State v.Andrews (1991), 57 Ohio St.3d 86, 565 N.E.2d 1271.
 {¶ 24} In this case, Officer Swank initiated a Terry stop when he placed his hand on appellant's arm and asked him to move over to the cruiser to produce identification. Tr. at p. 9, lines 13-16.
 {¶ 25} According to Officer Swank, he observed appellant engaged in loitering and believed him to be participating in narcotics sales. Tr. at p. 9 and p. 14. He asked appellant for identification. However, appellant refused to produce identification and put his hands in his pockets, thereby raising Officer Swank's suspicion. Officer Swank stated that appellant replied, "No, I'm good" and walked, not ran, away.Id. at p. 14 -15.
 {¶ 26} In this case, we agree with the trial court that Officer Swank possessed a reasonable, articulable suspicion to believe appellant was engaged in illegal drug transactions based upon the totality of circumstances presented to Officer Swank. *Page 7 
 {¶ 27} Upon questioning by the State, Officer Swank stated he witnessed appellant in the front of the store for more than one hour making contact with many different individuals that pulled into the parking lot. The store owner had complained to Officer Swank about observing narcotics sales in the parking lot and asked for the police assistance in stopping it. Officer Swank is an experienced officer with many narcotics arrests to his credit. The area around Rowland Avenue Market had been identified as a "high crime" and "high drug" area.
 {¶ 28} When viewing the totality of the facts and circumstances through the eyes of Officer Swank on the scene, taking into consideration his street experience, this Court finds that Officer Swank articulated facts to establish appellant was engaging in illegal drug activity, so as to justify a legitimate investigative detention. Accordingly, the encounter was a justified Terry stop.
 {¶ 29} We will next address the pat-down which led to appellant's arrest.
 {¶ 30} The frisk is a separate inquiry from the initial stop and must be supported by an officer's reasonable belief that a suspect is armed and dangerous. Terry at 28.
 {¶ 31} Ohio courts have long recognized that persons engaged in illegal drug activity are often armed with a weapon. State v. Evans
(1993) 67 Ohio St.3d 405, 413, 618 N.E.2d 162; State v. Taylor (1992)82 Ohio App.3d 434, 612 N.E.2d 728. "[T]he right to frisk is virtually automatic when individuals are suspected of committing a crime, like drug trafficking, for which they are likely to be armed." State v.Warren (1998), 129 Ohio App. 3d 598, 602, 718 N.E.2d 936. *Page 8 
 {¶ 32} Officer Swank stated that: "In my experience on patrol shift, and specifically with the Task Force, we found that narcotics and weapons tend to go hand in hand. We oftentimes found weapons on individuals carrying narcotics or transacting with narcotics." Transcript at p. 10, lines 21-24. In addition, appellant turned away from the officer, placed his hands in his pockets and began walking away without producing any identification, thus increasing the officer's safety concerns.
 {¶ 33} In addition, Officer Swank testified that it was his standard policy to pat down anyone he comes into contact with. Id. at p. 13, lines 7-10.
 {¶ 34} Although we do not agree that a standard policy to pat someone down alone satisfies a Terry frisk, this Court finds that since reasonable suspicion was established to believe appellant was engaged in illegal drug activity, combined with appellant placing his hand inside his pants pocket as he turned and walked away, it was reasonable for Officer Swank to fear that appellant might be armed and to conduct a pat-down search for weapons. Thus, the accompanying frisk was supported under Terry.
 {¶ 35} The third type of police/citizen encounter is an arrest.
 {¶ 36} An arrest may only occur based upon probable cause to believe a citizen has committed an offense. Beck v. Ohio (1964), 379 U.S. 89,85 S.Ct. 223, 13 L.Ed.2d 142.
 {¶ 37} Officer Swank arrested appellant for a violation of R.C. § 2925.11(C)(4), Possession of Drugs-Cocaine, a felony of the fourth degree. *Page 9 
 {¶ 38} This Court finds appellant's arrest was valid because both the stop and accompanying search by Officer Swank were justified underTerry. We further conclude that the contraband was properly seized pursuant to the plain feel doctrine enunciated in Minnesota v.Dickerson (1993) 508 U.S. 366, 375-76, 113 S.Ct. 2130, 124 L.E.2d 334. Accordingly, we find the trial court correctly overruled appellant's motion to suppress.
 {¶ 39} The Court overrules appellant's sole Assignment of Error.
 {¶ 40} Based upon the foregoing, the judgment of the Stark County Court of Common Pleas is affirmed.
Delaney, J. Gwin, P.J., concur.
 Hoffman, J. dissents. *Page 10